Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
FONOVISA, INC.; VIRGIN RECORDS
AMERICA, INC.; ATLANTIC
RECORDING CORPORATION; UMG
RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; BMG
MUSIC; and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

CASE NO. CV 08 2212 SC

FONOVISA, INC., a California corporation;
VIRGIN RECORDS AMERICA, INC., a
California corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; UMG RECORDINGS, INC., a
Delaware corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; BMG MUSIC, a New York general
partnership; and ZOMBA RECORDING LLC, a
Delaware limited liability company,

    Plaintiffs,

  v.

ANTOINETTE CASTILLO,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

---

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#37020 v1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, Antoinette Castillo, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff Fonovisa, Inc. is a division of Univision Music LLC. Univision Music LLC is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

5. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

6. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

9. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

10. Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

11.  Plaintiffs are informed and believe that Defendant is an individual who resided in Oakland, California, within this District at the time of the infringement complained of herein. Upon information and belief, Defendant may still be found in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

12.  Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

13.  Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

14.  Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

15.  Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#37020 v1

16.     Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. Two computers cannot effectively function if they are connected to the Internet with the same IP address at the same time.

17.     Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP address 76.216.19.251 on June 11, 2007 at 05:55:32 EDT distributing 374 audio files over the Internet. The Defendant was identified as the individual responsible for that IP address at that date and time. Plaintiffs are informed and believe that as of June 11, 2007, Defendant, without the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

18.     In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing.

19.     Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#37020 v1

These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

20.  Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

21.  As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

22.  The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.  For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.  For Plaintiffs' costs in this action.

4.  For Plaintiffs' reasonable attorneys' fees incurred herein.

5.  For such other and further relief as the Court may deem just and proper.

Dated:  April 29, 2008

HOLME ROBERTS & OWEN LLP

By _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
FONOVISA, INC.; VIRGIN RECORDS AMERICA, INC.; ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; and ZOMBA RECORDING LLC

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#37020 v1

# EXHIBIT A

## ANTOINETTE CASTILLO

**IP Address:** 76.216.19.251 2007-06-11 05:55:32 EDT         **CASE ID#** 132545023

**P2P Network:** Gnutella                                     **Total Audio Files:** 374

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Fonovisa, Inc. | Conjunto Primavera | Amigo Mesero | Amigo Mesero | 232-899 |
| Virgin Records America, Inc. | Paula Abdul | Straight Up | Forever Your Girl | 93-688 |
| Virgin Records America, Inc. | Human League | Don't You Want Me | Dare | 34-729 |
| Atlantic Recording Corporation | Chic | Le Freak | C'est Chic | 4-546 |
| UMG Recordings, Inc. | The Police | Every Breath You Take | Synchronicity | 44-862 |
| SONY BMG MUSIC ENTERTAINMENT | Celine Dion | My Heart Will Go On | Let's Talk About Love | 248-109 |
| BMG Music | SWV | Weak | It's About Time | 146-905 |
| Zomba Recording LLC | Usher | Superstar | Confessions | 354-784 |
| UMG Recordings, Inc. | The Police | Walking On The Moon | Reggatta De Blanc | 13-166 |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Northern District of California

*E-filing*

| | |
|---|---|
| FONOVISA, INC., a California corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ZOMBA RECORDING LLC, a Delaware limited liability company, | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER:<br><br>CV 08 2212 SC |

V.

ANTOINETTE CASTILLO

TO:

Antoinette Castillo
3774 39th Ave
Apt. H
Oakland, CA 94619

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**MATTHEW F. JAKSA (SBN: 248072)**  **PHONE: (415) 268-2000**
**560 MISSION STREET, 25TH FLOOR**      **FAX: (415) 268-1999**
**SAN FRANCISCO, CA 94105-2994**

an answer to the complaint which is served on you with this summons, within ___20___ days after service summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING                                         APR 29 2008

_____                                _____
CLERK                                                       DATE

Helen L. Almacen
_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
         Date         *Signature of Server* _____

                              *Address of Server* _____

---

[(1)] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.